1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

PAMELA HALE,

CASE NO. 3:19-CV-06059-RBL

Plaintiff,

ORDER ON PLAINTIFF'S MOTION
FOR LEAVE TO AMEND
COMPLAINT

10

v.

11

COUNTRY MUTUAL INSURANCE
COMPANY,

12

Defendant.

13

14

**INTRODUCTION**

15

THIS MATTER is before the Court on Plaintiff Pamela Hale's Motion for Leave to

16

Amend Complaint. Dkt. # 15. Hale sued Defendant Country Mutual Insurance Company on

17

October 3, 2019 in Clark County Superior Court for breach of contract, failure to act in good

18

faith, and negligent misrepresentation. Dkt. # 1-2. The Complaint contains little-to-no factual

19

allegations. *Id*. Country Mutual removed to federal court on November 7, 2019, and Hale did not

20

move to remand. Hale would now like to amend her Complaint to add new factual allegations,

21

new claims, and, most controversially, a new defendant. Country Wide opposes the Motion on

22

the basis that the new defendant—insurance agent Ann Campbell-VanDyke —is non-diverse and

23

would destroy federal subject matter jurisdiction.

24

1

## BACKGROUND

2

3       Hale's Proposed First Amended Complaint alleges that Hale's Property was burglarized

4    in August 2018. Proposed FAC, Dkt. # 17-6, at 2-3. At the time, Hale had been off the premises

5    because of stalking and threats by the romantic partner of Hale's daughter. *Id*. Hale discovered

        the burglary in September 2018 and notified police. *Id*. at 3.

6       She also tendered claims to Country Mutual, which insured the Property, through

7    insurance agent Ann Campbell-VanDyke. *Id*. at 3. Campbell-VanDyke is a resident of

8    Washington State. *Id*. at 2. Hale had been in contact with Campbell-VanDyke for years to make

9    changes to the insurance for Hale's Property. *Id*. Despite the fact that Campbell-VanDyke knew

10   Hale was living away from the Vancouver Property, Campbell-VanDyke recommended keeping

11   it as Hale's principal residence and dwelling in the policy. *Id*. at 3-4. Campbell-VanDyke also

12   apparently informed Hale that she had two years to complete her claim. *Id*. at 4. It was not until

13   May 2019 that Campbell-VanDyke began processing Hale's claim. *Id*. At that time, Campbell-

14   VanDyke also informed Hale that she actually only had one year to complete her claim but that

15   her policy did not have a 60-day occupancy exclusion. *Id*. at 5.

16      Shortly thereafter, a Country Mutual representative contacted Hale and told her that she

17   had until August 2019 to submit a complete list of the items lost from the house with original

18   receipts. *Id*. Many of these items Hale had already paid to replace. *Id*. Still without a final

19   decision, Hale filed suit to avoid the one-year limitation period. *Id*. at 6. Country Mutual asked

20   for additional documentation from Hale and asked her to sit for an oral examination. *Id*.

21   Nonetheless, Country Mutual formally denied Hale's claim on April 3, 2020, citing the policy's

22   unoccupied dwelling exclusion, the Property's primary residence status, and the extent of

23   coverage in the policy. *Id*. at 6-7.

24

1

**DISCUSSION**

2        Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when

3 justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010)

4 (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme

5 liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

6 (citations omitted).

7        In determining whether to grant leave under Rule 15, courts consider five factors: "bad

8 faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the

9 plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d

10 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party

11 carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.  A proposed amendment is

12 futile "if no set of facts can be proved under the amendment to the pleadings that would

13 constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-

14 05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada

15 County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

16        "If after removal the plaintiff seeks to join additional defendants whose joinder would

17 destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

18 action to the State court." 28 U.S.C. § 1447(e). The court should consider the following factors:

19 "(1) whether the party sought to be joined is needed for just adjudication and would be joined

20 under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would

21 preclude an original action against the new defendants in state court; (3) whether there has been

22 unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal

23 jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether

24

denial of joinder will prejudice the plaintiff." *Falcon v. Scottsdale Ins. Co.*, No. CV-06-122-FVS, 2006 WL 2434227, at \*2 (E.D. Wash. Aug. 21, 2006) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)).

The Court will begin by analyzing the validity of Hale's claims. If her claims are futile, then she would not be prejudiced by denying leave to amend. If Hale's claims are valid, then she would likely be prejudiced if the Court forced her to file a separate lawsuit against Campbell-VanDyke in state court. Hale asserts seven claims against Campbell-VanDyke: violation of the Washington Consumer Protection Act (CPA), negligence, estoppel/promissory estoppel, breach of fiduciary duty, failure to act in good faith, and negligent misrepresentation. Dkt. # 17-6 at 9-11.

Hale premises her CPA claim on WAC 284-30-330 and "common law bad faith." Proposed FAC, Dkt. # 17-6, at 9. The Supreme Court of Washington recently held that WAC 284-30-330 cannot support a CPA claim against an individual employee of the insurer. *Keodalah v. Allstate Ins. Co.*, 194 Wash. 2d 339, 350 (2019). However, as this Court held in *Leonard v. First American Property & Casualty Insurance Co.*, No. 3:19-CV-06089-RBL, 2020 WL 634430, at \*2 (W.D. Wash. Feb. 11, 2020), *Keodalah* does not extend to CPA claims based on the common law duty of good faith. *See also Zuniga v. Standard Guar. Ins. Co.*, No. C17-5176RBL, 2017 WL 2266243, at \*3 (W.D. Wash. May 24, 2017). There is no case clearly barring such claims against employees of the insurer such as an insurance agent. Consequently, the Court cannot say with certainty that a state court would dismiss Hale's CPA claim against Campbell-VanDyke and that it is therefore futile.

As for the negligence claim, an insured may bring a negligence claim against an insurance agent by proving "(1) that the agent had a duty of care to protect the insured against a

1   certain risk, (2) a breach of that duty, and (3) that the breach was the proximate cause, (4) of the

2   insured's damages." *Peterson v. Big Bend Ins. Agency, Inc.*, 150 Wash. App. 504, 515 (2009).

3   "Generally, an insurance agent represents the insurer, while an insurance broker represents an

4   insured." *AAS-DMP Mgmt., L.P. Liquidating Tr. v. Acordia Nw., Inc.*, 115 Wash. App. 833, 838

5   (2003). An insurance agent normally only assumes the duties of an agency relationship, but an

6   "enhanced duty" can arise when the insured and agent have a "special relationship." *Id.* at 839.

7   "[A] special relationship may be shown by a long-standing relationship, and some type of

8   interaction on the question of coverage, coupled with the insured's reliance on the expertise of

9   the insurance agent, to the insured's detriment." *Id.* (citing *Suter v. Virgil R. Lee & Son, Inc.*, 51

10  Wash. App. 524, 528 (1988)).

11          Here, Hale's allegations support the possibility that Campbell-VanDyke assumed an

12  "enhanced duty" to her. The two had a longstanding relationship, and Hale alleges that she relied

13  on Campbell-VanDyke's advice on how to update the coverage for her Property and handle her

14  claim. The Court therefore cannot say at this early stage that Campbell-VanDyke could not be

15  independently liable to Hale.

16          The Court need not analyze the rest of Hale's claims; the fact that these two are not futile

17  means Hale would be prejudiced if forced to abandon her case against Campbell-VanDyke and

18  sue separately. The remaining § 1447(e) factors, when taken together, also do not favor denying

19  amendment. Country Wide argues that Campbell-VanDyke is not a necessary party and that Hale

20  could still sue in state court, but that does not mean she should be forced to. Indeed, this would

21  be unjust.

22          The Court also does not find Hale's delay to be unreasonable. Country Mutual argues

23  that, if Hale was able to allege claims against Country Mutual in her original complaint, she also

24

1 | could have included her claims against Campbell-VanDyke. But even if this is theoretically true,

2 | Hale contends that her bare-bones Complaint was little more than a method of satisfying the

3 | policy's suit limitation period. According to Hale, when Country Mutual finally denied her claim

4 | on April 3, 2020, she gained additional information that let her assert claims against Campbell-

5 | VanDyke.

6 |     The Court agrees that Country Mutual's delay in processing Hale's claim preceded any

7 | delay by Hale. Even if Hale arguably *could* have asserted claims against Campbell-VanDyke

8 | earlier, that does not mean she should have. This case was also filed just under nine months ago

9 | and no substantive motions have been filed before this Court. Remanding the case would thus

10 | result in little waste of judicial resources. Hale's delay is harmless and understandable under the

11 | circumstances.

12 |     Finally, it is not clear that Hale's motive in adding Campbell-VanDyke is to defeat

13 | diversity jurisdiction. Suing an insurance agent in addition to the insurer is not unusual, and

14 | Hale's allegations make clear that Campbell-VanDyke was intimately involved with the events

15 | underlying Hale's claims. As such, Hale should be permitted to add Campbell-VanDyke to the

16 | case, even if it destroys diversity.

17 | **CONCLUSION**

18 |     Hale's Motion for Leave to Amend her Complaint is GRANTED.

19 |     IT IS SO ORDERED.

20 |     Dated this 24th day of June, 2020.

21 |

22 | *Ronald B. Leighton*

23 | Ronald B. Leighton
United States District Judge

24 |